# PINCUS LAW LLC

One Liberty Plaza, 35th Floor
New York, New York 10006

---

Mark S. Pincus
Managing Member

Telephone: (212) 962-2900
Facsimile: (347) 803-1789
Email: mark@pincus-law.com

Admitted NY & NJ

October 26, 2017

BY ECF
Hon. Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     Re:    <u>*Fehrenbach v. Zeldin*, Case No. 2-17-cv-05282-JFB-ARL</u>

Dear Judge Bianco:

     My Firm, along with Keker Van Nest & Peters LLP, represents Defendants Facebook, Inc. ("Facebook") and Mark Zuckerberg ("Mr. Zuckerberg") (collectively, the "Facebook Defendants")[1] in the above-named case. Under Rule III.A of Your Honor's Individual Rules and Practices, the Facebook Defendants respectfully request a pre-motion conference concerning their proposed Rule 12(b)(6) motion to dismiss.

     Plaintiff has asserted *Bivens* claims against the Facebook Defendants, alleging that they violated his First Amendment right to freedom of speech. The Facebook Defendants, however, are private actors that are neither subject to a *Bivens* suit nor bound by the First Amendment's requirements. Plaintiff's suit against the Facebook Defendants also is barred by Section 230(c) of the Communications Decency Act. As these flaws are substantive and cannot be cured with amendment, the Facebook Defendants seek dismissal with prejudice.

**Background**

     Facebook, which was founded by Mr. Zuckerberg, operates the world's leading social-media service. Over 2 billion people use Facebook to build community and stay close to their family and friends, share a wide variety of interesting content, and view content posted by other people and organizations. Like many elected representatives, Congressman Lee Zeldin of New York's First Congressional District maintains a Facebook page.

---

[1]     The Complaint identifies "Mr. Mark Zuckerberg/Facebook" as defendants, but the docket currently identifies only Mr. Zuckerberg as a defendant.

PINCUS LAW LLC

Hon. Joseph F. Bianco, U.S.D.J.
October 26, 2017
Page 2

Plaintiff has filed a *Bivens* action against Congressman Zeldin and various members of his staff, alleging that they violated Plaintiff's First Amendment rights by removing comments that Plaintiff posted to Congressman Zeldin's Facebook page. Plaintiff also has sued the Facebook Defendants under *Bivens*, alleging that the Facebook platform permits users to "hide and remove 'offensive' comments and posts." Dkt. No. 1, at 6. Plaintiff seeks $500,000 in damages from the Facebook Defendants, claiming that they "fail[ed] to ensure capabilities provided by Facebook are not abused[,] especially by government officials." *Id.* In other words, Plaintiff seeks to hold Facebook and Mr. Zuckerberg responsible for the decision *Congressman Zeldin and his staff* made to remove content Plaintiff posted to Facebook.

As discussed below, Plaintiff fails to state a claim on which relief can be granted, warranting dismissal. *See* Fed. R. Civ. P. 12(b)(6) (allowing dismissal when plaintiff "fail[s] to state a claim upon which relief can be granted). Where a claim's pleading deficiency is substantive and "better pleading will not cure it," the claim will be dismissed with prejudice, even if the plaintiff is *pro se*. *Cuoco v. Mortsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Bastien v. Samuels*, 2015 WL 5008837, at *7-*8 (E.D.N.Y. Aug. 21, 2015) (Bianco, J.) (dismissing *pro se* plaintiff's claims with prejudice because an amendment would be "futile").

**Plaintiff Cannot State a First Amendment *Bivens* Claim against the Facebook Defendants**

Plaintiff fails to state a First Amendment *Bivens* claim against the Facebook Defendants, as he does not and cannot allege that the Facebook Defendants are subject to a *Bivens* suit or bound by the First Amendment. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 408 U.S. 388 (1971). In a *Bivens* action, a plaintiff must allege that he has been deprived of a constitutional right by a natural person serving as a "federal agent" and "acting under color of federal authority," who was "personally involved" in the claimed constitutional violation. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-72 (2001); *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Private corporations and federal agencies cannot be sued under *Bivens*. *Malesko*, 534 U.S. at 69-72.

Color of federal authority exists when a person's actions "were commanded or encouraged by the federal government" or were "so intertwined with the government as to become painted with the color of federal action." *Strother v. Harte*, 171 F. Supp. 2d 203, 206 (S.D.N.Y. 2001). Also, the First Amendment restrains only "state action." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Private parties only are considered state actors if "there is a sufficiently close nexus between the State and the challenged action" so that the private party's action "may be fairly treated as that of the State itself." *Id.*

In this *Bivens* action, Plaintiff cannot hold the Facebook Defendants responsible for a decision that *Congressman Zeldin and his staff* made to remove content Plaintiff posted to Facebook. Facebook is a private corporation and thus cannot be sued under *Bivens*. Even so, Plaintiff does not and cannot claim that the Facebook Defendants were involved in the alleged First Amendment violation, let alone that they were federal agents or acting for the government.

**PINCUS LAW LLC**

Hon. Joseph F. Bianco, U.S.D.J.
October 26, 2017
Page 3

  Courts have not hesitated to dismiss constitutional claims against Facebook based on its status as a private actor. *See Forbes v. Facebook, Inc.*, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016) (Donnelly, J.) (dismissing Section 1983 claim because plaintiff failed to allege Facebook was a state actor); *Young v. Facebook, Inc.*, 2010 WL 4269304, at *2-*3 (N.D. Cal. Oct. 25, 2010) (same). [2] This Court should follow the lead of these previous decisions and dismiss Plaintiff's *Bivens* claims. As the flaws in Plaintiff's *Bivens* claims are substantive and cannot be cured by amendment, dismissal should be granted with prejudice.

### Plaintiff's *Bivens* Claims against the Facebook Defendants Also are Barred by the Communications Decency Act

  The Communications Decency Act also bars Plaintiff's claims, and no amendment will be able to circumvent this bar, warranting dismissal with prejudice. *See* 47 U.S.C. § 230. The provider of an "interactive computer service" is not liable for providing "information content providers or other[]" users with the "technical means to restrict access" to material that the user deems "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2)(A) & (B). Here, Plaintiff impermissibly seeks to hold the Facebook Defendants liable for merely allowing its users, like Congressman Zeldin, to remove posts uploaded to their Facebook pages.

  Further, the Communication Decency Act also provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Plaintiff impermissibly seeks to hold the Facebook Defendants liable for the speech of Congressman Zeldin and his staff, namely their decision not to include certain content on their Facebook page.

### Conclusion

  For the foregoing reasons, the Facebook Defendants' proposed Rule 12(b)(6) motion to dismiss should be allowed and granted with prejudice.

Respectfully submitted,

/s Mark S. Pincus

cc: Mr. Charles A. Fehrenbach, (by priority mail and email)

---

[2]  *See also, e.g., Pagan v. Google Corp.*, 2016 WL 7187645, at *2 (D.N.H. Nov. 15, 2016) (recommending dismissal of constitutional claims against Google), *report and recommendation adopted*, 2016 WL 7187312 (D.N.H. Dec. 8, 2016); *Waterhouse v. CUFI Church Ass'n Inc.*, 2014 WL 2938396, at *4 (D. Haw. June 27, 2014) (dismissing § 1985(3) conspiracy claim against Twitter).