UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHARLES A. FEHRENBACH,

                Plaintiff,

            -against-

MR. LEE ZELDIN, MR. KEVIN AND MRS.
MAUREEN DOWLING, MR. MARK
ZUCKERBERG *Facebook*, JOHN AND JANE
DOE, *Zeldin's IT Support Staff and Staff* and
FACEBOOK, INC.,

                Defendants.

-----------------------------------------------------------X

ORDER
17-CV-5282 (JFB)(ARL)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 21 2019 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On February 6, 2019, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R," ECF No. 48) recommending that the Court grant the motion to dismiss filed by defendants Congressman Lee Zeldin, and Kevin Dowling (collectively, "the Congressional defendants") (ECF. No 39), and that all claims against defendant Maureen Dowling be dismissed. The R&R was served on plaintiff by mail on February 6, 2019. (ECF No. 49.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, with three days each for service and filing by mail. (R&R at 12.) On February 19, 2019, plaintiff filed a motion for extension of time to file objections until April 30, 2019. (ECF No. 50.) In an order dated February 25, 2019, the Court granted plaintiff an extension until March 15, 2019. Although the order does not appear on the docket due to administrative error,[1] the order was mailed to plaintiff at the address used in all prior court correspondence. Plaintiff

---

[1] An unsigned copy of the substance of the order that was signed and mailed to plaintiff will be docketed for the record.

complied with the new deadline, filing a document titled "Response to Report An [sic] Recommnedation [sic]" on March 15, 2019. (ECF No. 52.) The Court has fully considered the parties' submissions, including plaintiff's objections. For the reasons set forth below, after *de novo* review, the Court adopts the R&R in its entirety.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

As noted above, *pro se* plaintiff filed a document he refers to as a "response" to the R&R on March 15, 2019. (ECF No. 52.) The filing reiterates many of plaintiff's conclusory allegations with regard to the visibility of his Facebook comments at various times; whether

logging in to Facebook is or should be required to gain access to all posted comments; the complexities of how, and ease with which, a Facebook page owner can alter the display of various comments. (*Id.* at 2-5.) Aside from the above, plaintiff's response sounds largely in normative policy statements regarding the accountability of legislators and the responsibility of Facebook as a public forum and presents no meritorious objections to the analysis or conclusions of the R&R. In sum, the Court has conducted a review of the full record and the applicable law and a *de novo* review of the entire R&R, and having done so, the Court adopts the analysis and recommendations contained in the R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss filed by defendants Congressman Lee Zeldin and Kevin Dowling (ECF. No 39) is granted under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and all claims against defendant Maureen Dowling are dismissed.[2] The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.

/s/ Joseph F. Bianco
―――――――――――――
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      March 21, 2019
            Central Islip, NY

---

[2] Although plaintiff did not request leave to amend, the Court has considered whether to grant leave to amend and concludes that the defects in the Complaint are jurisdictional and substantive and cannot be cured through better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court denies plaintiff leave to amend and dismisses his claims without prejudice. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38-39 (2d Cir. 2002) (per curiam) ("[A]bsent jurisdiction 'federal courts do not have the power to dismiss *with prejudice*.'" (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999))).